UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
In the Matter of the Arbitration Between:       :   09 Civ. 7858 (SAS)
                                                :   ECF Case
MARJORIE LOEB and MICHAEL LOEB,                 :
                                                :
                Claimants-Petitioners,          :   CLAIMANTS'
                                                :   REPLY BRIEF
                v.                              :
                                                :
BLUE STAR JETS, LLC,                            :
                                                :
                Respondent.                     :
                                                :
                                                :
                                                :
------------------------------------------------------------X
```

## Preliminary Statement

The Claimants-Petitioners Michael Loeb and Marjorie Loeb ("Claimants" or "Loebs") submit this Reply Brief in support of their Petition for Order Confirming Arbitration Award (the "Petition"), and in Opposition to the Cross-Motion for Order Vacating Award of Respondent Blue Star Jets, LLC ("Respondent" or "BSJ").

## Facts

The Loebs commenced the underlying arbitration against BSJ in December 2008. As alleged in the Demand for Arbitration, in 2007, after extensive planning and coordination of schedules, the Loebs decided to take a family vacation during the year-end holiday season, with their time split between Utah and Anguilla. They arranged for a commercial flight from New York to Utah for the first leg of their trip. However,

because their time in Anguilla was limited to five days -- from January 1, 2008 to January 6, 2008 -- they decided to arrange for private jet service from Salt Lake City to Anguilla on January 1, and from Anguilla to New York on January 6. Thus, on or about September 6, 2007, the Loebs and BSJ entered into a written agreement by which BSJ agreed to provide private charter jet service for those legs of the Loebs' trip at a cost of $86,759.00 (the "Agreement"). The Agreement included a fee-shifting clause that provided as follows:

> 16) ATTORNEYS' FEES. The Client understands and agrees that any breach of this Agreement, or any action, cause, claim, damage, demand or liability arising from his or her breach of this Agreement, could make him or her liable in a complaint, cross-complaint or counterclaim for all resulting damages, including attorneys' fees and legal expenses.

In December 2007, Mrs. Loeb noticed that the "Departure Date" identified on BSJ's Charter Quotation Form (which was part of the Agreement) mistakenly identified the return leg as "1/5/07" instead of "1/6/08." Mrs. Loeb immediately notified BSJ of the error. BSJ advised Mrs. Loeb that it could in fact provide return service on January 6, but that it would have to substitute a different jet than the type that the Loebs had been promised. BSJ represented that the substitute jet was comparable and could fly both legs non-stop. The Agreement was amended accordingly.

Despite the amendment, the Loebs were informed by the flight crew, upon their arrival in Anguilla, that their departure date was in fact January 5, not January 6. The evidence at the hearing established that BSJ was aware of the problem with the January 6 departure date long before the Loebs' arrival in Anguilla, but did not inform them. Moreover, contrary to BSJ's representations, the so-called comparable jet did not have

the range of the jet originally promised, and required re-fueling stops on both legs of the trip.

Pursuant to the arbitration clause in the Agreement, in December 2008, the Loebs filed a Demand for Arbitration with the American Arbitration Association, seeking damages grounded in theories of fraudulent and negligent misrepresentation, breach of contract, breach of fiduciary duty and violation of N.Y. Gen. Bus. Law § 349.  The Loebs also sought attorneys' fees pursuant to the fee-shifting clause in the Agreement and N.Y. Gen. Oblig. Law § 5-327, which generally makes reciprocal any one-sided fee-shifting clause in a consumer contract.  BSJ filed a Counterclaim against the Loebs, somehow asserting the Loebs were required to indemnify BSJ in connection with the Loebs' own claim, and claiming attorneys' fees and costs pursuant to the fee-shifting clause.

The arbitrator conducted a hearing over two days, on June 2 and 3, 2009.  The Loebs and BSJ submitted post-trial briefs and affidavits attesting to the attorneys' fees and costs incurred.  The arbitrator issued a written Award on July 23, 2009 (the "Award"), wherein he awarded the Loebs $32,835.90 in compensatory damages and $32,318.08 in attorneys' fees and costs, for a total award of $65,153.98.  The Award expressly referred to the Agreement.  It also found that the Loebs were entitled to their attorneys' fees on the theory asserted, *i.e.*, that N.Y. Gen. Oblig. Law § 5-327 makes reciprocal any fee-shifting clauses in consumer contracts.

The Loebs filed a Petition for an Order Confirming Arbitration Award in this Court on September 10, 2009.  BSJ filed their Opposition and Cross-Motion for Order Vacating Award on October 20, 2009.

**Argument**

**I. The Award Should Be Confirmed**

"Confirmation of an arbitration award under the FAA is generally a 'summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified or corrected.'" *Mastec N. Am. v. MSE Power Systems, Inc.*, 581 F. Supp. 2d 321, 324 (N.D.N.Y. 2008). "It is well established that courts must grant an arbitration panel's decision great deference. Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *KX Reinsurance Co. v. Gen. Reinsurance Corp.*, 08 CIV. 7807(SAS), 2008 U.S. Dist. LEXIS 92717, at *9-10 (S.D.N.Y. Nov. 14, 2008). *See also Mastec N. Am.*, 581 F. Supp. 2d at 324 ("[A] court's review of an arbitration award under the FAA is extremely deferential.").

BSJ opposes the Loebs' Petition only insofar as it seeks to confirm the award of attorneys' fees and costs. BSJ also cross-moves for an Order vacating that portion of the Award. It has not opposed or sought to vacate the award of $32,835.90 in compensatory damages.

There are four potential grounds for vacating an arbitration award under 9 USCS § 10(a). BSJ invokes only one of those provisions, 9 USCS § 10(a)(4), which provides for vacatur where "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *See* BSJ's Memorandum of Law in Opposition ("Mem. Opp.") at 3.

The Second Circuit has "consistently accorded the narrowest of readings to the Arbitration Act's authorization to vacate awards pursuant to § 10(a)(4)…" *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 219-20 (2d Cir. 2002).  The Court's inquiry under § 10(a)(4) "focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *Id.* at 220.  In other words, the inquiry under § 10(a)(4) is whether the arbitrator was authorized to award attorneys' fees generally, not whether the arbitrator properly awarded attorneys' fees to the Loebs. *Id*.

BSJ does not claim in its Opposition or Cross-Motion that the arbitrator generally lacked authority to award attorneys' fees.  In fact, BSJ itself sought an award of attorneys' fees pursuant to the fee-shifting clause, thereby acknowledging the arbitrator's authority to do so.  Furthermore, under Rule 43(d)(ii) of the AAA Commercial Arbitration Rules, the award of the arbitrator may include "attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." *See also Roberts v. Finger*, 839 N.Y.S.2d 436 (2007).  Nor does BSJ challenge the reasonableness of the fees awarded to the Loebs (which it would be hard-pressed to do since it sought fees in excess of those sought by the Loebs), or dispute the manner in which N.Y. Gen. Oblig. Law § 5-327 should be construed.  Instead, BSJ's only argument is that N.Y. Gen. Oblig. Law § 5-327 does not apply because the basis for the arbitrator's decision was a breach of fiduciary duty, and not a breach of contract. *See* Mem. Opp. at 4-7.

That argument is nonsensical. The arbitrator clearly found that BSJ breached the Agreement. The written Award specifically states:

> While the contract allows Respondent to recover attorney fees in the event Claimants breach the agreement, it does not provide for a similar right in the event Respondent breaches the agreement. However, General Obligations Law § 5-327(2) makes a fee-shifting clause in favor of a seller in a consumer contract reciprocal. According [sic], Claimant is also awarded $32,318.08 in attorney's fees and costs expended.

Moreover, "the arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached is necessary to confirm the award." *Mastec N. Am.*, 581 F. Supp. 2d at 324 (internal citations omitted). Further, "where the tribunal has handed down an opinion open to more than one possible reading, [the courts] will confirm the award so long as, under one of these readings, the judgment rests upon a colorable interpretation of law." *Westerbeke Corp.*, 304 F.3d at 212.

In this case, the arbitrator provided much more than a "barely colorable justification" for a finding of breach of contract; he expressly stated the basis for the award of attorneys' fees to the Loebs. There would have been no reason for him to do so had he not found that BSJ breached the Agreement. Moreover, the underlying facts found by the arbitrator clearly support a finding of breach. As the arbitrator found, BSJ agreed to provide a return flight on January 6, 2008, and failed to do so.

BSJ's argument also ignores the express language of the fee-shifting clause, which provides not only that the Client will be liable for attorneys' fees and expenses

126950                                    6

resulting from his or her breach, but for any "cause," "claim" or "liability" arising from his or her breach. The Loebs' claim for breach of fiduciary duty is encompassed within that language. Thus, even if the arbitrator had not made a finding of breach, the Loebs' would be entitled to their fees and expenses.

## II.    The Loebs Should Be Awarded Their Fees and Expenses Incurred in Connection with This Petition

Finally, the Loebs are entitled to all attorneys' fees and costs incurred in connection with this Petition pursuant to the fee-shifting provision in the written agreement and N.Y. Gen. Oblig. Law § 5-327. The reciprocal fee-shifting statute allows for recovery of fees and expenses "incurred as the result of a breach of any contractual obligation." N.Y. Gen. Oblig. Law § 5-327(2). In *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1339 (9th Cir. 1986), the court considered a similar reciprocal fee-shifting statute in California. In that case, the unsuccessful party in the arbitration moved to vacate the award in District Court. The court found that the proceeding on the motion to vacate "arose directly out of the contract," so the reciprocal fee-shifting statute applied to that proceeding, and the prevailing party was also awarded its attorneys' fees in connection with the proceeding to vacate/confirm. *Id.* at 1340-41. *See also Harter v. Iowa Grain Co.*, 220 F.3d 544, 557-58 (7th Cir. 2000) (citing *LaFarge* in awarding attorneys' fees for litigation collateral to the arbitration). Indeed, since the intent of the fee-shifting clause is to make the prevailing party whole, it is logical to construe such a clause to apply to proceedings to confirm and vacate the Award. Accordingly, the Loebs should be awarded the sum of $7,855.00 in attorneys' fees.

## **CONCLUSION**

For the foregoing reasons, the Loebs respectfully request that this Court confirm the Award dated July 23, 2009 and award all attorneys' fees and costs incurred in connection with the Petition.

Dated: Greenwich, Connecticut
       November 4, 2009

                                      WHITMAN BREED ABBOTT
                                      & MORGAN LLC
                                        Attorneys for Claimants-Petitioners
                                        Marjorie Loeb and Michael Loeb

                              By: /s/ James C. Riley_____
                                        James C. Riley (JR2621)
                                        jriley@wbamct.com
                                        500 West Putnam Avenue
                                        Greenwich, Connecticut 06830
                                        T:  (203) 869-3800
                                        F:  (203) 869-1951

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2009, a copy of the foregoing Reply Brief was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ James C. Riley_____
James C. Riley