**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------- X

**MARJORIE LOEB and MICHAEL LOEB,**

**Petitioners,**

**- against -**

**BLUE STAR JETS, LLC,**

**Respondent.**

---------------------------------------------------- X

**OPINION AND ORDER**

**09 Civ. 7858 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/17/09

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Marjorie Loeb and Michael Lobe (collectively, the "Loebs") petition the Court for confirmation of an arbitration award against Blue Star Jets, LLC ("BSJ") and for an award of attorneys' fees associated with bringing this petition. BSJ opposes the Loebs' petition to the extent that it seeks to confirm the portion of the arbitration award that awarded attorneys' fees and costs to the Loebs. BSJ cross-petitions to vacate the attorneys' fees portion of the arbitration award and the portion of the arbitration award denying BSJ's request for attorneys' fees and costs associated with the arbitration. For the reasons discussed below, the Loebs'

petition to confirm the arbitration award is granted. BSJ's cross-petition is denied.

## II. BACKGROUND

BSJ provides private jet brokerage services.[1] In 2007, the Loebs engaged BSJ to provide a private jet to take them and their family from Salt Lake City, Utah to Anguilla on January 1, 2008, and from Anguilla to White Plains, New York on January 6, 2008.[2] BSJ promised that the Loebs would fly in a Gulfstream III jet, which is capable of flying from Salt Lake City to Anguilla without stopping to refuel.[3]

On September 6, 2007, the Loebs signed BSJ's Charter Agreement (the "Agreement") and Charter Quotation forms.[4] The Agreement included a fee shifting clause stating:

> [t]he Client understands and agrees that any breach of this Agreement, or any action, cause, claim, damage, demand or liability arising from his or her breach of this Agreement, could make him or her liable in a complaint, cross-complaint or counterclaim for all resulting damages, including attorneys' fees

---

1 *See* Demand for Arbitration at 2, Ex. A to Petition for an Order Confirming Arbitration Award ("Petition").

2 *See id.* at 3.

3 *See id.*

4 *See id.* at Ex. A.

and legal expenses.[5]

The Agreement also included an arbitration clause stating:

> [a]ny dispute arising out of, in connection with, or in relation to this agreement or the making or validity thereof or its interpretation or any breach thereof shall be determined and settled by arbitration in New York City by a sole arbitrator . . . any award rendered therein shall be final and conclusive upon the parties, and a judgment thereon may be entered in the highest court of the forum, state or federal, having jurisdiction.[6]

On or about December 12, 2007, the Loebs noticed that the departure dates on the Charter Quotation were erroneously listed as "1/1/07" and "1/5/07."[7] The Loebs alerted BSJ to the mistake.[8] BSJ acknowledged the error but stated it could only accommodate the Loebs' return on January 6, 2008 by substituting a Challenger 601 jet for the Gulfstream III jet.[9] BSJ told the Loebs that, like the Gulfstream III jet, the Challenger 601 jet could fly to Anguilla without refueling.[10] The Loebs agreed to accept the Challenger 601 jet and BSJ sent the Loebs a

---

5 *Id.*

6 *Id.*

7 *Id.*

8 *See id.* at 4.

9 *See id.*

10 *See id.*

revised itinerary on December 20, 2008.[11]

On January 1, 2008, the Loebs flew from Salt Lake City to Anguilla on the Challenger 601 jet.[12] The Challenger 601 jet was incapable of flying non-stop.[13] Because the Challenger 601 jet needed to refuel in Florida, the flight took longer than expected and the Loebs were forced to cancel certain plans they made for their first day in Anguilla.[14] Upon arriving in Anguilla, the Loebs were notified that their departure date was still erroneously scheduled for January 5, 2008.[15] The Loebs spent much of their vacation time trying to arrange a January 6, 2008 departure, either with BSJ or on a commercial airline.[16]

Ultimately, neither BSJ nor a commercial airline was able to accommodate the Loebs on a January 6, 2008 flight.[17] The Loebs returned to New York on January 5, 2008 on BSJ's Challenger 601 jet.[18] The Challenger 601 jet

---

11 *See id.* at Ex. B.

12 *See id.* at 4.

13 *See id.*

14 *See id.*

15 *See id.* at 5.

16 *See id.* at 5-6.

17 *See id.* at 6.

18 *See id.*

needed to stop to refuel during the return trip.[19]

On December 23, 2008, the Loebs filed a Demand for Arbitration with the American Arbitration Association seeking damages based on theories of fraud, negligent misrepresentation, negligence, breach of contract, and violation of section 349 of the New York General Business Law.[20] The Loebs also sought attorneys' fees pursuant to the fee shifting clause in the Agreement coupled with section 5-327 of the New York General Obligations Law, which the Loebs argued makes any one-sided fee-shifting clause in a consumer contract reciprocal.[21] BSJ filed a counterclaim against the Loebs for indemnification in connection with the Loebs' claims against BSJ, which included a claim for attorneys' fees and costs pursuant to the fee shifting clause.[22]

The arbitrator conducted a hearing on June 2 and 3, 2009.[23] On July 23, 2009, the arbitrator issued a written Award (the "Award") awarding the Loebs $65,153.98 — $32,835.90 in compensatory damages and $32,318.08 in attorneys'

---

19 *See id.*

20 *See id.* at 6-9.

21 *See id.* at 9.

22 *See* Blue Star Jets, LLC's Motion to Dismiss, Answer and Counterclaims, Ex. B to Petition.

23 *See* Award of Arbitrator ("Award"), Ex. C to Petition.

fees and costs through May 31, 2009.[24] The arbitrator also ordered BSJ to reimburse the Loebs $375.00 for the administrative fees and expenses they had paid in connection with the arbitration.[25] The arbitrator denied the Loebs' request to supplement their attorneys' fee application to include the time spent working on the arbitration in June and July 2009.[26] The arbitrator also denied the requests in BSJ's counterclaim.[27]

## III. APPLICABLE LAW

### A. Confirmation of an Arbitration Award

Under the Federal Arbitration Act ("FAA"), parties who have received an award from an arbitrator pursuant to an agreement to arbitrate can petition the court for an order confirming the arbitration award for up to one year from the date of the arbitration award.[28] "[T]he court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10

---

24 *See id.*

25 *See id.*

26 *See id.*

27 *See id.*

28 *See* 9 U.S.C. § 9.

and 11 of this title."[29] "It is well established that courts must grant an arbitration panel's decision great deference."[30] "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."[31] "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award."[32] "[W]here the arbitral tribunal has handed down an opinion open to more than one possible reading, [a court] will confirm the award so long as, under one of these readings, the judgment rests upon a colorable interpretation of law."[33]

### B. Vacature of an Arbitration Award

Section 10(a)(4) of the FAA allows a court to vacate the arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed

---

29 *Id.*

30 *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).

31 *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2007) (quotation marks omitted).

32 *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

33 *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, n.8 (2d Cir. 2002).

them that a mutual, final, and definite award upon the subject matter submitted was not made."[34] Courts "have 'consistently accorded the narrowest of readings' to the FAA's authorization to vacate awards pursuant to [section] 10(a)(4)."[35] In determining whether the decision of an arbitration panel can be vacated on the basis of section 10(a)(4), the only question is "'whether the arbitrator[] had the power based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue.'"[36] This is so because "the central purpose of the [FAA is] to ensure 'that private agreements to arbitrate are enforced according to their terms.'"[37] The "party moving to vacate an arbitration award has the burden of proof."[38]

## IV. DISCUSSION

### A. Confirmation of the Award

BSJ asks the Court to vacate what it calls an "improper[] and

---

[34] 9 U.S.C. § 10.

[35] *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003) (quoting *Westerbeke Corp.*, 304 F.3d at 220).

[36] *Id.* (quoting *Westerbeke Corp.*, 304 F.3d at 220).

[37] *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 53-54 (1995) (quoting *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)).

[38] *D.H. Blair & Co.*, 462 F.3d at 110.

unjustifiable[] grant[] [of] $32,318.08 in attorneys' fees and costs to the Loebs."[39] BSJ argues that the arbitrator exceeded his powers within the meaning of section 10(a)(4) "[b]y awarding attorneys' fees and costs to the Loebs without contractual or statutory authority."[40] It is undisputed that the Agreement does not explicitly allow the Loebs to recover attorneys' fees incurred as the result of BSJ's breach of the Agreement. However the Arbitrator based his award of attorneys' fees on the Agreement's fee shifting clause as well as section 5-327 of New York General Obligations Law, which states in relevant part:

> Whenever a consumer contract provides that the creditor, seller or lessor may recover attorney's fees and expenses incurred as the result of a breach of any contractual obligation by the debtor, buyer or lessee, it shall be implied that the creditor, seller or lessor shall pay the attorney's fees and expenses of the debtor, buyer or lessee incurred *as the result of a breach of any contractual obligation* by the creditor, seller or lessor . . . .[41]

BSJ argues that section 5-327 does not make the Agreement's fee shifting clause reciprocal because the arbitrator's award of compensatory damages was based on a breach of fiduciary duty, not a breach of contract.

---

[39] Blue Star Jets, LLC's Memorandum of Law in Opposition to the Petition for an Order Confirming Arbitration Award and in Support of Cross-Motion for Order Vacating Award ("Opp. Mem.") at 2.

[40] *Id.* at 3.

[41] New York General Obligations Law § 5-327 (emphasis added).

BSJ's argument fails. The Award specifically states that BSJ breached its fiduciary duty.[42] However, the Award also implicitly finds that BSJ breached the Agreement. The Award's discussion of attorneys' fees and section 5-327 begins by noting that the Agreement's fee shifting clause "allows [BSJ] to recover attorney [sic] fees in the event [the Loebs] breach the [A]greement, it does not provide for a similar right in the event [BSJ] breaches the [A]greement."[43] The discussion of attorneys' fees following this statement impliedly refers to attorneys' fees that are recoverable under the Agreement's fee shifting clause. Under the fee shifting clause, attorneys' fees are only recoverable if the Agreement is breached. In awarding the Loebs attorneys' fees, the arbitrator implicitly also found that BSJ breached the Agreement. Because there is a reading of the Award that rests on a colorable interpretation of the law, the award of attorneys' fees must be confirmed.

BSJ does not oppose confirmation of the portion of the Award that awarded the Loebs $32,835.90 in compensatory damages or the portion of the Award ordering BSJ to reimburse the Loebs $375.00 for costs associated with the

---

42 *See* Award ("Respondent breached its fiduciary duty to promptly advise Claimants of any problems with their itinerary, which included not only the return date but the likely possibility that a change in aircraft would require a refueling stop on the way to Anguilla, thus delaying their arrival and causing them to miss scheduled lessons.").

43 *Id.*

arbitration. Accordingly, those portions of the Award are also confirmed.

**B. Attorneys' Fees Associated with the Petition for Confirmation**

The Loebs request $10,055.00 in attorney's fees and costs incurred as a result of this petition to confirm the Award.[44] The Agreement's fee shifting clause allows BSJ to recover attorneys' fees for any action arising from the Loebs' breach of the Agreement. Under Section 5-327, the fee shifting clause is reciprocal and therefore the Loebs are entitled to attorneys' fees for any action arising from BSJ's breach of the Agreement. In order to award the Loebs attorneys' fees associated with the arbitration, the arbitrator must have found that the arbitration arose from BSJ's breach of the Agreement. Accordingly, this action to confirm the Award also arises from BSJ's beach of the Agreement and the Loebs are entitled to attorneys' fees and costs incurred as a result of this petition.

BSJ argues that the Loebs are not entitled to attorneys' fees

---

44 *See* Claimants' Reply Brief at 7; Whitman Breed Abbott & Morgan LLC Billing Statements, Ex. A to 11/4/09 Affidavit of James C. Riley, the Loebs' Counsel, in Support of the Loebs' Claim for Attorneys' Fees; Whitman Breed Abbott & Morgan LLC Billing Statements, Ex. A to 12/16/09 Supplemental Affidavit of James C. Riley in Support of the Loebs' Claim for Attorneys' Fees. BSJ has not had an opportunity to respond to this latest billing statement. However, BSJ never contested the amount of attorneys' fees, it only contested the Loebs' right to recover attorneys' fees.

associated with confirming the Award because the arbitrator denied the Loebs' request for all subsequent attorneys' fees and costs.[45] This is not the case. The arbitrator only denied the Loebs' "request to supplement their fee application at a later date to add time spent in June [2009] and July [2009] . . . , which could have been included in their July 17, 2009 submission."[46] Nothing in the Award suggests that the Loebs are not entitled to recover attorneys' fees and costs associated with confirming the Award.

## V. CONCLUSION

For the reasons set forth above, the Loebs' petition to confirm the arbitration award is hereby granted. The Clerk of the Court is directed to close this motion and this case (09-Civ-7858). The Clerk is further directed to prepare a final judgment in the amount of $75,208.98 — the amount of the Award plus attorneys' fees associated with confirming the Award.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

---

[45] *See* Opp. Mem. at 8.

[46] Award.

**- Appearances -**

**For Petitioner:**

James Christopher Riley, Esq.
Whitman Breed Abbott & Morgan, LLC
500 West Putnam Avenue
Greenwich, Connecticut 06830
(203) 869-3800

**For Respondent:**

Faun M. Phillipson, Esq.
Phillipson & Uretsky, LLP
111 Broadway, 8th Floor
New York, New York 10006
(212) 571-1255